UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LAWRENCE GREEN,                                      NOT FOR PUBLICATION

                    Plaintiff,                      **MEMORANDUM AND ORDER**
                                                               15-CV-3967 (KAM)

        -against-

COMMISSIONER SOCIAL SECURITY
MR. FRED M. MAURIN; JASON P. PECK,

                    Defendants.
----------------------------------------------------------------x
MATSUMOTO, United States District Judge:

        On July 2, 2015, plaintiff Lawrence Green, appearing *pro se,* filed the instant complaint against defendants Frederick M. Maurin, the Regional Commissioner for the New York region of the Social Security Administration and Assistant United States Attorney Jason P. Peck ("AUSA Peck").[1] (Compl., ECF No. 1.) The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

Background

        Plaintiff has filed the instant action against AUSA Peck for certain actions he has taken as the attorney defending the Commissioner of Social Security in a pending appeal of a denial of Social Security benefits brought by plaintiff in <u>Green v. Commissioner of Social Security</u>, 14 CV 5489 (KAM). (Compl. at ¶ 3.) Plaintiff alleges he failed to receive certain documents from defendants in connection with his appeal of the Commissioner's decision. (Compl. at ¶ 3) ("Date April 15 2015 f[a]ilure proof documents motion mailbox to me . . ."). Plaintiff attached a letter dated May 5, 2015, filed by AUSA Peck in <u>Green v. Commissioner of Social Security</u>, 14

---

[1] Although plaintiff's complaint does not refer to specific cases or statutes with respect to his claims, the Court construes plaintiff's claims to arise pursuant <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

CV 5489 (KAM), wherein AUSA Peck responds to plaintiff's allegations that the Commissioner failed to serve papers on plaintiff in a timely manner. (Compl. at p.3.) In addition, plaintiff alleges that defendants are guilty of perjury. (Compl. at ¶ 3.) Plaintiff seeks $500 million in damages. (Compl. at ¶ 4.)

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89

(2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

### AUSA Peck

Plaintiff's claims against AUSA Peck are barred by the doctrine of absolute immunity as government attorneys are entitled to absolute immunity with regard to their actions in carrying out their role in the judicial process. See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); see also Zahrey v. Coffey, 221 F.3d 342, 346-47 (2d Cir. 2000) (immunity law applies to Bivens actions as well as actions under 42 U.S.C. § 1983); Barrett v. United States, 798 F.2d 565, 572-73 (2d Cir. 1986) ("[t]he fact that [the government attorney] may or may not have engaged in questionable or harmful conduct during the course of his representation of the State in that litigation is irrelevant. The immunity attaches to his function, not to the manner in which he performed it."). Acts protected as part of the of the government attorney's role include filing documents with the court. See, e.g., Ortiz v. Morgenthau, 772 F. Supp. 1430, 1433 (S.D.N.Y. 1991) (assistant district attorney's filing of allegedly false papers relying on perjury protected by absolute immunity). Accordingly, as plaintiff's claim for damages against AUSA Peck is based on Peck's role in filing documents to defend the Commissioner of Social Security in plaintiff's prior civil action, the action against Peck is dismissed as barred by absolute immunity. See 28 U.S.C. § 1915(e)(2)(B).

### Commissioner Maurin

Aside from naming Commissioner Maurin as a defendant in the caption of the complaint, plaintiff fails to make any factual allegations against him. (*See generally*, Compl.) A Bivens

action lies against a defendant only when the plaintiff can show the defendant's personal involvement in the constitutional violation. See, e.g., Ashcroft, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."); Lewis v. Garcia, No. 14 CV 3499, 2014 WL 3858394, at *2 (E.D.N.Y. Aug. 4, 2014). Here, plaintiff fails to allege any actions taken by Maurin, much less how his actions violated plaintiff's constitutional rights. Any attempt to hold Maurin, in his role as Regional Commissioner liable, fails as there is no supervisory liability or *respondeat superior* in Bivens actions. E.g. Adekoya v. Holder, 751 F. Supp. 2d 688, 695 (S.D.N.Y. 2010) (a defendant in a Bivens action may not be held liable for damages for constitutional violations merely because he held a high position of authority).

Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, the complaint is dismissed. Whereas ordinarily the Court would allow plaintiff an opportunity to amend his complaint, see Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from plaintiff's submission that any attempt to amend the complaint would be futile. See Ashmore v. Prus, 510 Fed. Appx. 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); see also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## Conclusion

Accordingly, plaintiff's *pro se* complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close this case and to serve a copy of this Memorandum and Order on plaintiff.

SO ORDERED.

Dated: July 13, 2015
Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States District Judge